IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARL LYNN WORTHEY                                                                                       PLAINTIFF

v.                                    Civil No. 08-5162

MEDICAL STAFF OF THE
WASHINGTON COUNTY
DETENTION CENTER; and
JOHN DOE CORRECTION
OFFICERS                                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Carl Lynn Worthey filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983 on July 17, 2008. He proceeds *pro se* and *in forma pauperis*. When he filed this action he was incarcerated at the Washington County Detention Center (WCDC).

On September 15, 2008, an order was entered directing Worthey to complete, sign, and return an addendum to his complaint (Doc. 5). The addendum was to be completed and returned by October 10th.

On October 2, 2008, the order and addendum were returned as undeliverable with a note that the Worthey was no longer at the WCDC. According to the Arkansas Justice Exchange website, after he was incarcerated at the WCDC, plaintiff was incarcerated at the Madison County Jail until September 22, 2008, when he was released.

When booked in at the Madison County Jail, Worthey gave officials there a home address. The home address was in Powers, Oregon. The court entered a change of address (Doc. 6) utilizing the address Worthey had provided to officials at the Madison County Jail. The court's

order and addendum were re-mailed to Worthey at the Oregon address and he was given until October 30th to complete and return the addendum.

To date, the addendum has not been filed. The court's addendum and order have not been returned as undeliverable from the Oregon address. Worthey has not requested an extension of time to comply with the court's order. Worthey has not communicated with the court in anyway.

I therefore recommend that this action be dismissed based on Worthey's failure to obey the order of this court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**Worthey has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Worthey is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of November 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE